IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINA NEEDHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 CV 8230 |
| | ) |
| ROBERT A. McDONALD, SECRETARY | ) Judge Sharon Johnson Coleman |
| OF VETERANS AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
LOCAL RULE 56.1(A) STATEMENT OF MATERIAL FACTS**

Pursuant to Local Rule 56.1 of the United States District Court for the Northern District of Illinois, Plaintiff Gina Needham, by her attorneys at Honigman Miller Schwartz and Cohn LLP, submits the following response in opposition to defendant's statement of material facts:

1. Plaintiff Gina Needham worked as a triage nurse in the Lovell Federal Health Care Center's emergency department from April 27, 2008 until March 22, 2013. Miller Dec., ¶ 1. (Attached as Ex. A).

**RESPONSE:**

Plaintiff denies Paragraph 1 as incomplete. Plaintiff worked as a nurse in both triage and patient care area in the Lovell emergency department. (Exhibit to Ptf's L. R. 56.1(b)(3)(C) St. of Add'l Facts ("Ex.") 2, Needham Deposition Transcript at 17:24-18:12.)

2. When plaintiff filed her complaint, Robert A. McDonald was the Secretary of the United States Department of Veterans Affairs. Def.'s Answer to Compl., p. 1. David J. Shulkin currently serves as Secretary of the VA. See https://www.va.gov/opa/bios/secva.asp.

**RESPONSE:**

Plaintiff admits Paragraph 2.

3. The complaint asserts a violation of federal law. Compl., ¶ 1. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Def.'s Answer to Compl., ¶ 2.

**RESPONSE:**

Plaintiff admits Paragraph 3.

4. The events at issue in the complaint occurred at the Lovell VA in North Chicago, Illinois, which is located in this judicial district. *Id*. at ¶ 4.

**RESPONSE:**

Plaintiff admits Paragraph 4.

5. As an ER triage nurse, Needham treated patients with life-threatening medical emergencies and was required to "assess, plan, implement, and evaluate the patient's experience and level of pain." Miller Dec., ¶ 6 & Attach. 3, p. 1.

**RESPONSE:**

Plaintiff admits Paragraph 5.

6. James Miller was the emergency room's nurse manager and Needham's direct supervisor. Miller Dec., ¶ 1.

**RESPONSE:**

Plaintiff admits Paragraph 6.

7. During the last year of Needham's employment, Miller noticed a decline in her job performance. Miller Dec., ¶ 2. Employees told Miller that Needham left her station without finding someone to cover her post. *Id*.; Miller EEO Aff., ¶ 9 (attached as Ex. E).

**RESPONSE:**

Plaintiff admits that the first sentence of Paragraph 7 reflects Miller's Declaration, but denies the accuracy of the contentions therein. Plaintiff was an exceptional nurse who received satisfactory or highly satisfactory performance reviews through the date of her termination. (Group Ex. 5, Needham's Performance Reviews, Att. 1, 2012-2013; Att. 2, 2011-2012; Att. 3, 2010-2011; Att. 4, 2009-2010; Att. 5, 2008-2009.) Needham's co-workers attest

2

that she was an "exceptional nurse." (Ex. 6, Affidavit of Myna Shegog at GN0060 ¶ 8; Ex. 7, Affidavit of James Bockeloh at GN0057 ¶ 8.)

Plaintiff objects to and moves to strike the second sentence of Paragraph 7 because it relies upon inadmissible hearsay. Fed. R. Evid. 801, 802. A court may only consider admissible evidence in assessing a motion for summary judgment. *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). Hearsay is inadmissible on summary judgment to the same extent that it is inadmissible at trial. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

> 8. Needham took breaks to gamble while on duty in the ER. Needham Dep., pp. 50-51, 67-68 (attached as Group Ex. B). Needham gambled "all day" in the triage unit or in the hospital's bathroom. *Id*. at 50, line 18. She testified, "I wanted to be in triage so I could gamble. That's why I wanted to be in triage. I could take care of patients and still do what I wanted to do []." *Id*. at 147, lines 15-19. Needham testified that her gambling addiction slowed down the process of patient care. *Id*. at 196.

**RESPONSE:**

Plaintiff denies all but the last sentence of Paragraph 8 as incomplete. Needham testified that her use of scratch-off cards led to a longer lunch break "at times," that she was "very fast at" caring for patients, and that her use of scratch-off cards did not affect the rate at which she cared for patients. Ex. 2 at 51:6-12, 196:8-9.) Plaintiff denies the last sentence of Paragraph 8. Plaintiff testified that she took breaks, "so in that sense, I was slowing down the process of patient care." (*Id.* at 196:1-11.)

> 9. The VA's code of conduct states that an employee shall not use federal property for anything other than authorized activities. Babcock Dec., ¶ 4 & Attach. 3, ¶ 9. Needham developed a gambling addiction in October 2011 after her husband lost his job, her daughter stopped attending school, and she became anxious about her finances. Group Ex. B, pp. 71-73.

**RESPONSE:**

Plaintiffs denies the second sentence of Paragraph 9 to the extent it states that "Needham developed a gambling addiction in October 2011 . . . ." Plaintiff testified only that she

3

began gambling in October 2011. (*Id.* at 72:25-73:3.) Plaintiff admits the remainder of Paragraph 9.

  10. In June 2012, Needham requested and received family medical leave and sick leave to seek treatment for depression. Babcock Dec., ¶ 2 & Attach. 1 (GN0472) (attached as Ex. C); Needham EEO Aff., ¶ 6 (attached as Ex. G). Needham alleges that she told Miller that she had a gambling problem, and he suggested that she take time off of work to obtain treatment. Group Ex. B, pp. 59-60; Needham EEO Aff., ¶ 6.

**RESPONSE:**

  Plaintiff admits Paragraph 10.

  11. On July 3, 2012, Vista Medical Center admitted Needham to its partial hospitalization program for a gambling problem. Group Ex. B, p. 64; Needham Dep. Ex. 11 (Vista medical records), p. 19 (attached as Group Ex. D). Needham left Vista's program the same day she arrived. Group Ex. B, pp. 76-77; Group Ex. D, p. 2.

**RESPONSE:**

  Plaintiff objects to and moves to strike Paragraph 11 to the extent it relies on medical records which are inadmissible hearsay. Fed. R. Evid. 801, 802. A court may only consider admissible evidence in assessing a motion for summary judgment. *Gunville*, 583 F.3d at 985. Hearsay is inadmissible on summary judgment to the same extent that it is inadmissible at trial. *Eisenstadt*, 113 F.3d at 742. The referenced medical records attached to the VA's Statement of Facts as Group Exhibit D do not fall under any hearsay exception, and are therefore inadmissible. *Cook v. Hoppin*, 783 F.2d 684, 690 (7th Cir. 1986) (statement in medical record was inadmissible hearsay because it did not constitute a record of a regularly conducted activity under Fed. R. Evid. 803(6) or a statement made for medical diagnosis or treatment under Fed. R. Evid. 803(4)).

  Plaintiff also objects to and moves to strike Paragraph 11 to the extent it relies on unauthenticated documents. A court may consider properly authenticated evidence when

4

assessing a motion for summary judgment. *Scott v. Edinburg*, 346 F.3d 752, 760 n.7 (7th Cir. 2003) (internal quotation and citation omitted). The medical records attached to the VA's Statement of Facts as Group Exhibit D were not introduced with an affidavit verifying their authenticity. *Id.* at 759-60. Further, the medical records are not self-authenticating under Fed. R. Evid. 902(11) because the VA has made no showing that Group Exhibit D satisfies Fed. R. Evid. 806(6)(A)-(C).

Plaintiff denies the remainder of Paragraph 11. Plaintiff testified that she visited Vista Medical Center on July 3, 2012 because she "was looking for treatment," did not remember if she told the nurse if she had a gambling addiction, and that she did not pursue treatment because she found out the following day that her mother was gravely ill. (Ex. 2 at 61:14-25; 64:19-24; 76:21-24.)

> 12. Needham asserts that she learned her mother was terminally ill, and she spent her leave caring for her mother instead of participating in treatment. Group Ex. B, pp. 61-62; Needham EEO Aff., ¶ 6. Needham does not recall telling Miller that she did not use the time to obtain treatment. Group Ex. B, p. 62.

**RESPONSE:**

Plaintiff admits Paragraph 12.

> 13. Dr. Baker, Needham's psychiatrist, wrote the VA a letter stating that Needham could return to work on August 2, 2012 without restrictions. *Id.* at 78-79; Miller Dec., ¶ 4 & Attach. 1. Needham did not request any accommodation upon her return to work. Group Ex. B, p. 80.

**RESPONSE:**

Plaintiff denies the first sentence of Paragraph 13. Dr. Baker's August 2, 2012 letter did not state that Needham may return to work "without restrictions." (Dkt. 72, Ex. A, Att. 1.) Plaintiff denies the second sentence of Paragraph 13 as incomplete. Plaintiff testified that she

did not ask for any accommodation because she "didn't want to be a bother," and "was afraid to ask for anything else." (Ex. 2 at 80:6-19.)

14. Previously, in January 2010, Needham took approximately one month of leave from the VA. Babcock Dec., ¶ 3. Miller believed that Needham suffered from emotional problems but does not recall receiving any documentation identifying a formal diagnosis of her condition. Miller EEO Aff., ¶ 5 (attached as Ex. E). Needham testified that she took leave to participate in a treatment program for a dependency on pain medication. Group Ex. B, pp. 82-83.

**RESPONSE:**

Plaintiff admits Paragraph 14.

15. During her 2010 leave, Needham did not tell the VA she sought treatment for prescription drug dependence. *Id*. at 84-85. After the conclusion of her leave, Needham returned to work without restrictions and did not request a workplace accommodation. Miller Dec., ¶ 3 & Attach. 4.

**RESPONSE:**

Plaintiff admits Paragraph 15, except that Miller's Declaration states that he does "not recall that Ms. Needham requested any workplace accommodation." (Dkt. 72, Ex. A at 1 ¶ 3.)

16. On October 6, 2012, Needham gambled during her shift and overdrew her checking account. Group Ex. B, p. 87. Needham was upset and told a co-worker she wished she was dead. *Id*. at 88. In her EEO affidavit, Needham stated, "Since my twenties, I have been medicated for depression and bipolar disorder and I believe this is controllable and does not limit or restrict me. However, my gambling addiction distracted me from work because I would often gamble at work and also it created financial difficulties. These financial difficulties lead to my suicide attempt." Needham EEO Aff., ¶ 5; Group Ex. B, p. 194.

**RESPONSE:**

Plaintiff admits Paragraph 16.

17. The VA committed Needham to Alexian Brothers Behavioral Health Hospital for a psychological evaluation. Group Ex. B, p. 89; Miller Dec., ¶ 5. Needham denied she was actively suicidal, and Alexian Brothers discharged Needham two days later. Group Ex. B, pp. 104-105; Needham

6

>Dep. Ex. 13 (Alexian Brothers medical records), p. 128 (attached as Ex. F).

**RESPONSE:**

Plaintiff admits the first sentence of Paragraph 17.

Plaintiff objects to and moves to strike the second sentence of Paragraph 17 to the extent it relies on inadmissible hearsay. Fed. R. Evid. 801, 802. A court may only consider admissible evidence in assessing a motion for summary judgment. *Gunville*, 583 F.3d at 985. Hearsay is inadmissible on summary judgment to the same extent that it is inadmissible at trial. *Eisenstadt*, 113 F.3d at 742. The referenced medical records attached to the VA's Statement of Facts as Exhibit F do not fall under any hearsay exception, and are therefore inadmissible. *Cook*, 783 F.2d at 690 (statement in medical record was inadmissible hearsay because it did not constitute a record of a regularly conducted activity under Fed. R. Evid. 803(6) or a statement made for medical diagnosis or treatment under Fed. R. Evid. 803(4)).

Plaintiff also objects to and moves to strike the second sentence of Paragraph 17 to the extent it relies on unauthenticated documents. A court may consider properly authenticated evidence when assessing a motion for summary judgment. *Scott*, 346 F.3d at 760 n.7. The medical records attached to the VA's Statement of Facts as Exhibit F were not introduced with an affidavit verifying their authenticity. *Id.* at 759-60. Further, the medical records are not self-authenticating under Fed. R. Evid. 902(11) because the VA has made no showing that Exhibit F satisfies Fed. R. Evid. 806(6)(A)-(C).

Plaintiff admits that she denied that she was actively suicidal.

>18. On October 9, 2012, Needham told Miller she wished to return to work. Group Ex. B, pp. 119-120; Needham EEO Aff., ¶ 11 (attached as Ex. G). Miller requested that Needham provide the VA a return-to-work note. Group Ex. B, pp. 119-120; Needham EEO Aff., ¶ 11.

**RESPONSE:**

Plaintiff admits Paragraph 18.

19. During 2009 through October 2012, Needham smoked crack recreationally with her husband on perhaps four occasions. Group Ex. B, pp. 12-13. Needham contends that she attempted to commit suicide on October 11, 2012, by overdosing on "massive amounts of coke." Id. at 121, lines 10-11; Needham EEO Aff., ¶ 13.

**RESPONSE:**

Plaintiff admits Paragraph 19.

20. Needham stated in her EEO affidavit that she obtained the drugs from a veteran she knew through the VA hospital. Needham EEO Aff., ¶ 11. At her deposition, Needham asserted that her EEO affidavit is inaccurate, and she does not know why she said she obtained crack from a veteran. Group Ex. B, pp. 196-198.

**RESPONSE:**

Plaintiff admits Paragraph 20.

21. Needham claims that she tried to overdose on Xanax the following day (October 12, 2012). Group Ex. B, pp. 121-122; Needham EEO Aff., ¶ 13. After taking pills, she drove to a grocery store to meet her husband. Group Ex. B, p. 121; Needham EEO Aff., ¶ 13.

**RESPONSE:**

Plaintiff admits Paragraph 21.

22. A witness called the police, stating that he observed Needham driving recklessly. Klinkhammer Dep. Ex. 2 (KEN 00001) (attached as Ex. H). The Kenosha County Sheriff's Department dispatched Sergeant Klinkhammer to the grocery store parking lot, and Klinkhammer observed that Needham had trouble keeping her balance and had slurred speech. Klinkhammer Dep., pp. 14, 15 (attached as Ex. I); Ex. H (KEN 00001). Klinkhammer looked inside Needham's vehicle and observed burnt Chore Boy (copper scouring pad material) on the base of the front seat. Ex. I, p. 17. Chore Boy may be used as a crack pipe filter. *Id.* at 17-18.

**RESPONSE:**

Plaintiff admits that Paragraph 22 is consistent with the police report and cited deposition testimony.

8

24616319.3

23. Klinkhammer searched Needham and located a crack pipe with burnt Chore Boy in her pocket. *Id*. at 18. Needham failed sobriety tests, and Klinkhammer placed her under arrest and issued Needham a citation for driving under the influence. *Id*. at 20-28; Ex. H (KEN 00005). Needham identified herself as a nurse and stated she worked at the Lovell VA. Ex. I, p. 27.

**RESPONSE:**

Plaintiff admits that the first and second sentences of Paragraph 23 are consistent with the police report and cited deposition testimony. Plaintiff denies the third sentence of Paragraph 23. (Ex. 2 at 125:25-126:13.)

24. Klinkhammer performed additional searches of Needham's car and purse, and he located drug paraphernalia, a second crack pipe, and crack cocaine base. *Id*. at 28-33. After Needham arrived at the jail, an officer confiscated a bag of cocaine Needham had taped to her skin. Wenberg Dep., Ex. 2 (attached as Ex. J); Ex. H (KEN 00003); Group Ex. B, p. 128 (testifying that she does not recall the arrest).

**RESPONSE:**

Plaintiff admits that the first sentence of Paragraph 24 is consistent with the cited deposition testimony.

Plaintiff objects to and moves to strike the second sentence of Paragraph 24 as inadmissible hearsay. Fed. R. Evid. 801, 802. A court may only consider admissible evidence in assessing a motion for summary judgment. *Gunville*, 583 F.3d at 985. Hearsay is inadmissible on summary judgment to the same extent that it is inadmissible at trial. *Eisenstadt*, 113 F.3d at 742. The referenced Wenberg Supplementary Investigation Report attached to the VA's Statement of Facts as Exhibit J does not fall under any hearsay exception, and is therefore inadmissible. Further, the portion of the Klinkhammer Supplementary Investigation attached to the VA's Statement of Facts as Exhibit H constitutes hearsay within hearsay. Because the original statement attributed to Wenberg does not fall within a hearsay exception, it is inadmissible. *Mathin v. Kerry*, 782 F.3d 804, 809 (7th Cir. 2015) (district court correctly declined to consider

9

hearsay statement contained within a Diplomatic Security Service Investigative Management System Report of Investigation).

Plaintiff also objects to and moves to strike second sentence of Paragraph 24 to the extent it relies on unauthenticated document Exhibit J. A court may consider properly authenticated evidence when assessing a motion for summary judgment. *Scott*, 346 F.3d at 760 n.7. The Wenberg report attached to the VA's Statement of Facts as Exhibit J was not introduced with an affidavit or deposition verifying its authenticity. *Id.* at 759-60. Further, the Wenberg report is not self-authenticating under Fed. R. Evid. 902(11) because the VA has made no showing that Exhibit J satisfies Fed. R. Evid. 806(6)(A)-(C).

25. The State of Wisconsin charged Needham with possession of cocaine, possession of drug paraphernalia, and with having more than one driver's license. Kelly Dec., ¶ 3 & Attach. 2 (attached as Ex. K). Needham pled no contest to a misdemeanor charge of cocaine possession. Kelly Dec., ¶ 4 & Attach. 3.

**RESPONSE:**

Plaintiff admits Paragraph 25.

26. Needham knew that the VA's code of conduct prohibited Needham from engaging in any illegal drug use, and she does not dispute that using cocaine is conduct unbecoming a registered nurse. Group Ex. B, pp. 29-30; 40-41; 201-202; Babcock Dec., ¶ 4 & Attach. 3, ¶ 14; (Executive Order) (attached as Group Ex. L). Needham denies she suffered from a drug addiction. Group Ex. B, pp. 86-87. She does not recall engaging in any gambling activity since October 2012. *Id*. at 51; Needham EEO Aff., ¶ 16.

**RESPONSE:**

Plaintiff admits Paragraph 26.

27. Four days after her arrest, on October 16, 2012, Needham sent the VA a letter from her personal psychiatrist, Dr. Baker, stating that Needham could return to work on October 17 without restrictions. Miller Dec., ¶ 5 & Attach. 2; Group Ex. B, pp. 117-118. On October 19, Needham left Miller a message asking when she could return to work. Needham EEO Aff., ¶ 11.

10

RESPONSE:

Plaintiff denies the first sentence of Paragraph 27. Dr. Baker sent the letter to the VA on October 15, 2012. (Ex. 2 at 117:17-118:1; Dkt. 72, Ex. A, Att. 2.) Further, the letter does not state that Plaintiff may return to work "without restrictions." (Dkt. 72, Ex. A, Att. 2.) Plaintiff admits the second sentence of Paragraph 27.

> 28. The VA responded that it had learned about her arrest, and it placed Needham on authorized absence pending an investigation of her conduct. Needham EEO Aff., ¶ 11; Babcock Dec., ¶ 5 & Attach. 4.

RESPONSE:

Plaintiff denies Paragraph 28 as incomplete. On October 19, 2012, Miller and Tena Fisher, a member of Lovell's Human Resources Department, called Plaintiff and told her that they were aware of her arrest, and that she could quit or be fired. (Ex. 11, Affidavit of Gina Needham at GN0040-41 ¶ 11.)

> 29. The VA requested that Needham undergo a psychological examination to assess her fitness for duty. Babcock Dec., ¶ 6 & Attach. 5. On November 21, 2012, Dr. Aghakhan, a psychiatrist employed by the VA, performed an examination. *Id*.

RESPONSE:

Plaintiff admits Paragraph 29.

> 30. Dr. Aghakhan opined that Needham satisfied the diagnostic criteria for major depressive and psychological gambling disorders. Babcock Dec., ¶ 6 & Attach. 5, p. 7. In a report dated December 14, he concluded that Needham was not fit for duty. Id. at Attach. 5, p. 8. He believed, among other things, that if Needham continued psychiatric and psychological treatment, there was a reasonable possibility her condition could improve "to being more of a mild issue within a two to three month period of time, thus allowing her to return to work." *Id*.

RESPONSE:

Plaintiff admits the first and third sentences of Paragraph 30 are consistent with portions of Dr. Aghakhan's report. Plaintiff denies the second sentence of Paragraph 30 because

11

Dr. Aghakhan's report did not state that Plaintiff was "unfit for duty." (Ex. 3, Dr. Aghakhan Report at GN0500.) On the contrary, the report described the accommodations recommended for Needham's return to work. (*Id.* at GN0506.)

> 31. On January 8, 2013, approximately three weeks after the VA found Needham unfit for duty, the VA issued Needham a notice of proposed discharge for engaging in off-duty conduct unbecoming a registered nurse. Babcock Dec., ¶ 7 & Attach. 6.

**RESPONSE:**

Plaintiff denies that she was found "unfit for duty." *See* Resp. to ¶ 30 above. Plaintiff admits the remainder of Paragraph 31.

> 32. On January 24, Needham responded to the notice. Babcock Dec., ¶ 8 & Attach. 7. Needham told the VA that she was continuing with Wheaton Franciscan's aftercare program and that she attends meetings. *Id*. Wheaton Franciscan's records, however, reflect that Needham did not attend scheduled meetings on December 18, January 8, and January 15. Wheaton Franciscan medical records (Ex. M), pp. 15-16. Wheaton Franciscan discharged Needham from its continuing care program. Id. at 16, 18, 44. Wheaton Franciscan's records state, "discharge patient non-compliant." *Id*. at 18; *see also id*., p. 16. *See also* Group Ex. B, pp. 162-163 (testifying that she does not recall whether she was in an aftercare program).

**RESPONSE:**

Plaintiff admits the first and second sentences of Paragraph 32.

Plaintiff objects to and moves to strike the remainder of Paragraph 32 because it relies on inadmissible hearsay. Fed. R. Evid. 801, 802. A court may only consider admissible evidence in assessing a motion for summary judgment. *Gunville*, 583 F.3d at 985. Hearsay is inadmissible on summary judgment to the same extent that it is inadmissible at trial. *Eisenstadt*, 113 F.3d at 742. The referenced medical records attached to the VA's Statement of Facts as Exhibit M do not fall under any hearsay exception, and are therefore inadmissible. *Cook*, 783 F.2d 684, 690 (7th Cir. 1986) (statement in medical record was inadmissible hearsay because it

12

did not constitute a record of a regularly conducted activity under Fed. R. Evid. 803(6) or a statement made for medical diagnosis or treatment under Fed. R. Evid. 803(4)).

Plaintiff also objects to and moves to strike the remainder of Paragraph 32 because it relies on unauthenticated documents. A court may consider properly authenticated evidence when assessing a motion for summary judgment. *Scott*, 346 F.3d at 760 n.7. The referenced medical records attached to the VA's Statement of Facts as Exhibit M were not introduced with an affidavit verifying their authenticity. *Id.* at 759-60. Further, the medical records are not self-authenticating under Fed. R. Evid. 902(11) because the VA has made no showing that the medical records satisfy Fed. R. Evid. 806(6)(A)-(C).

33. Needham's correspondence to the VA stated that she was willing to sign a last-chance agreement and submit to random drug testing. Babcock Dec., ¶ 8 & Attach. 7.

**RESPONSE:**

Plaintiff admits Paragraph 33.

34. Needham's personal physician, Dr. Baker, authored a letter dated January 17, 2013, stating that Needham was "ready to go back to work as soon as possible" without restrictions. Group Ex. B, pp.150-151; Kelly Dec. ¶ 5 & Attach. 4. Needham did not request any additional accommodation from the VA as a condition of returning to her position.

**RESPONSE:**

Plaintiff admits the first sentence of Paragraph 34, except that the letter from Dr. Baker does not state that Plaintiff could return "without restrictions." (Dkt. 72, Ex. N, Att. 4.) Plaintiff admits that she personally did not request an accommodation from the VA, but denies that a request for accommodation was not made on her behalf. *See* Resp. to ¶ 30 above.

35. Patrick Sullivan, director of the Lovell VA, met with Needham and agreed to rescind the VA's notice of termination if Needham executed its proposed last-chance agreement. Sullivan EEO Aff., ¶ 6 (attached as Ex. N); Babcock Dec., ¶ 10 & Attach. 9.

13

**RESPONSE:**

Plaintiff admits that she met with Patrick Sullivan, but denies that the sources cited in Paragraph 35 support the statement that Sullivan "agreed to rescind the VA's notice of termination if Needham executed its proposed last-chance agreement." Sullivan attested that he "never spoke with [Needham] directly about this agreement." (Dkt. 72, Ex. N at GN0053 ¶ 6.)

> 36. The last-chance agreement had a three-year term and required that Needham: (1) have satisfactory performance and attendance; (2) participate in Wheaton Franciscan's program and attend counseling; and (3) provide the VA documentation of satisfactory completion of addiction rehabilitation programming. Babcock Dec., ¶ 10 & Attach. 9, ¶ 1. The agreement also would require that Needham waive her right to appeal any future removal action the VA instituted during the agreement's term. *Id*. at Attach. 9, p. 2.

**RESPONSE:**

Plaintiff admits that Paragraph 36 reflects portions of the last chance agreement, but denies Paragraph 36 as incomplete. The last chance agreement also stated that "[f]ailure to meet any one of these criteria during the three (3) year period will result in your immediate discharge." (Ex. 20, Last Chance and Abeyance Agreement at GN0087 ¶ 6.)

> 37. Needham's union representative objected to (A) the agreement's three-year term, (B) the requirement that Needham maintain satisfactory performance and attendance, and (C) the waiver of future MSPB and collective bargaining appeal rights. Needham Dep. Ex. 26 (attached as Ex. O). The VA did not agree to modify those provisions, and Needham declined to execute the agreement. Babcock Dec., ¶ 10 & Attach. Ex. 9, p. 2; Needham EEO Aff., ¶ 18.

**RESPONSE:**

Plaintiff admits the first sentence of Paragraph 37 and that the VA did not agree to modify the agreement. Plaintiff objects to and moves to strike the assertion that Needham declined to execute the agreement because it relies on a handwritten note that constitutes inadmissible hearsay. Fed. R. Evid. 801, 802. A court may only consider admissible evidence in

14

24616319.3

assessing a motion for summary judgment. *Gunville*, 583 F.3d at 985. Hearsay is inadmissible on summary judgment to the same extent that it is inadmissible at trial. *Eisenstadt*, 113 F.3d at 742. The referenced handwritten unattributed statement does not fall under any hearsay exception, and is therefore inadmissible.

Furthermore, Plaintiff denies that she refused to sign the last chance agreement. (Ex. 2 at 169:10-17.) Plaintiff believed that the negotiations regarding the agreement between the VA and her union representative, Abass Wane, were ongoing. (*Id.* at 169:18-171:9.) After the VA refused to modify the terms of the agreement, Wane asked the VA to "reconsider this matter." (Ex. 21, Email from Abass Wane dated March 13, 2013.) Instead, the VA terminated Needham the following day. (Ex. 8, Letter from James Sullivan dated March 14, 2013 at GN0088-91.) Plaintiff was agreeable to the terms of the last-chance agreement as proposed by the VA. (Ex. 2 at 170:20-171:9.)

    38. The VA discharged Needham effective March 22, 2013. Miller Dec., ¶ 1.

**RESPONSE:**

    Plaintiff admits Paragraph 38.

    39. Sullivan considered the *Douglas* factors before terminating Needham's employment. Babcock Dec. ¶ 9 & Attach. 8.

**RESPONSE:**

    Plaintiff admits that the March 14, 2013 letter referenced in Paragraph 39 states that Sullivan considered the *Douglas* factors.

    40. Sullivan observed that, as a nurse, Needham knew that cocaine possession and driving under the influence was unethical and illegal. Babcock Dec. ¶ 9 & Attach. 8, ¶ 1. He noted that Needham identified herself as a nurse at the Lovell VA during her arrest. Babcock Dec. ¶ 9 & Attach. 8, ¶ 1. He determined that "Needham's recent behaviors and off-duty conduct has caused management to lose trust and confidence in her ability to perform her duties as a Registered Nurse in a manner consistent with the policies, procedures, and protocols that promote the high standards of patient care."

15

>Babcock Dec. ¶ 9 & Attach. 8, ¶ 13. He concluded that discharge was consistent with the VA's suggested table of penalties, and it was reasonable and appropriate under the circumstances. Babcock Dec. ¶ 9 & Attach. 8, ¶¶ 7, 13.

**RESPONSE:**

Plaintiff admits that Paragraph 40 summarizes portions of the document entitled "Relevant Factors in Assessing Penalties," signed by Sullivan on March 14, 2013.

June 30, 2017

Respectfully submitted,

/s/ *Alexandros Stamatoglou*
One of the Attorneys for Plaintiff

Paula E. Litt
Alexandros Stamatoglou
HONIGMAN MILLER SCHWARTZ AND COHN LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
(312) 701-9300
plitt@honigman.com
astamatoglou@honigman.com

24616319.3

## CERTIFICATE OF SERVICE

I, Alexandros Stamatoglou, one of the attorneys for Plaintiff Gina Needham hereby certify that on June 30, 2017, I caused a copy of the attached ***Plaintiff's Response in Opposition to Defendant's Local Rule 56.1(a) Statement of Material Facts*** to be submitted electronically to the Court's Electronic Case Filing System which generates a Notice of Electronic Filing that constitutes service to all Filing Users under Fed. R. Civ. P. 5(b)(2)(D).

/s/ *Alexandros Stamatoglou*

24616319.3